Gregory L. Scott, Esq., Law Offices of Gregory L. Scott, Yakima, WA, for Defendant–Appellant.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Ibrahim ABDELLATIF, Defendant–Appellant.**

**No. 05–30613.**

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

Before: LEAVY, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Ibrahim Abdellatif appeals the sentence imposed following his guilty plea to bank fraud in violation of 18 U.S.C. § 1344. He contends that in setting his Guidelines sentence, the district court miscalculated the amount of loss by refusing to deduct the amount he repaid the victim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Abdellatif deposited two fraudulent checks for $75,000. The bank notified him that the checks were drawn on a closed account. He then returned $50,000 to the bank and said he would have to investigate the problem. He subsequently returned

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

additional money to the bank. When federal agents later interviewed him, he said the checks were given to him as payment for merchandise but then admitted that he had forged the checks.

We review de novo the district court's interpretation of the Sentencing Guidelines. *United States v. Washington*, 462 F.3d 1124, 1137–38 (9th Cir.2006). The Guidelines provide for a 10–level upward adjustment for a loss to the victim of more than $120,000. U.S.S.G. § 2B1.1(b)(1)(F). "A fraud defendant is entitled to credit for refunds paid prior to the discovery of the offense." *United States v. Bright*, 353 F.3d 1114, 1118 (9th Cir.2004). Discovery of the offense means detection by a victim, regardless of evidence whether the refunds were paid to avoid detection by law enforcement. *Id.; United States v. Stoddard*, 150 F.3d 1140, 1146 (9th Cir.1998).

Abdellatif argues that his offense was discovered when he admitted it to the federal agents; it was not discovered when the bank notified him that the checks were drawn on a closed account because, at that point, the bank believed that he, too, was a victim of the person whose name he had forged on the checks. This argument lacks merit because the bank discovered that it had been defrauded before Abdellatif repaid any of the money. *See Stoddard*, 150 F.3d at 1146. Accordingly, the district court did not err in refusing to deduct the amount repaid from the amount of loss. *See Bright*, 353 F.3d at 1118.

**AFFIRMED.**